UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JERRY L. DAVIS, JR.,

                         Petitioner,

          v.                                              **DECISION AND ORDER**
                                                          06-CR-197S
                                                          07-CV-263S

UNITED STATES OF AMERICA,

                         Respondent.

## I.  INTRODUCTION

          Presently before this Court is pro se Petitioner Jerry L. Davis, Jr.'s Motion to Vacate,

Set Aside, or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255, and his

Motion for Bond.  For the reasons discussed below, Petitioner's motions are denied.

## II.  BACKGROUND

          On June 28, 2006, Petitioner appeared before this Court, executed a Waiver of

Indictment, and pled guilty to a one-count Information charging him with possession with

intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  (Docket Nos. 28, 29, 31.)

That charge carried a possible maximum sentence of 20 years imprisonment, a $1,000,000

fine, or both.  (Docket No. 30, ¶ 1.)

          In the plea agreement, Petitioner and the Government agreed that the total offense

level, including a reduction for Petitioner's acceptance of responsibility, was 23, and that

Petitioner's criminal history category was III, which resulted in a Guidelines sentencing

range of 57 to 71 months, a fine of $10,000 to $1,000,000, and a period of supervised

release of 3 years.  (Docket No. 30, ¶¶ 7-10.)

          Included in the plea agreement is Petitioner's acknowledgment that he

understands that [he] has no right to withdraw the plea of guilty based upon the Court's determination of [his] criminal history category;

understands that the Court is not bound [sic] accept any Sentencing Guidelines calculation set forth in this agreement and [he] will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court;

knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2), and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 10 above, notwithstanding the manner in which the Court determines the sentence;

understands that by agreeing to not collaterally attack the sentence, [he] is waiving the right to challenge the sentence in the event that in the future [he] becomes aware of previously unknown facts or a change in the law which [he] believes would justify a decrease in the [his] sentence.

(Docket No. 30, ¶¶ 9, 12, 17, 18.)

On December 15, 2006, this Court sentenced Petitioner to a 70-month term of imprisonment, a 3-year term of supervised release, and declined to impose a fine. (Docket Nos. 38, 39.) It did so after finding that the proper Guidelines range was 70-87 months, based on a total offense level of 23 and a criminal history category of IV. (Docket No. 38.) The Clerk of the Court filed the sentencing judgment on December 20, 2006. (Docket No. 39.) Petitioner did not appeal his conviction or sentence.

On April 19, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255. (Docket No. 43.) Respondent filed a response in opposition on June 8, 2007. (Docket No. 45.) Petitioner filed a Motion for Bond on June 20, 2007. (Docket No. 46.)

2

## III.  DISCUSSION

### A.    Standard of Review

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences.  That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).

### B.    Petitioner's § 2255 Motion

In his motion, Petitioner advances the following arguments: (1) this Court misapplied the Guidelines in violation of his constitutional rights; (2) this Court and defense counsel violated their ethical obligations; (3) the jury did not return a guilty verdict on his "mental intent"; and (4) he was tried and convicted by an unconstitutional jury.  (Docket No. 43.)

In response, Respondent argues that Petitioner's motion must be denied because

he waived his right to appeal or collaterally attack his sentence, and, in any event, his arguments have no merit.

### 1. Petitioner's Waiver of Rights

It is well-settled that federal prisoners may not use § 2255 as a substitute for a direct appeal. United States v. Munoz, 143 F.3d 632, 637 (2d Cir. 1998); see also Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."). This is particularly true in cases where, as here, the petitioner was convicted pursuant to a guilty plea. Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998) (noting that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas") (quoting United States v. Timmreck, 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)). Petitioner did not file a direct appeal in this case.

Moreover, a petitioner's waiver of his right to appeal or collaterally attack his sentence if it falls within an agreed-upon Guideline range, as in this case, must be given effect. It is well-settled in the Second Circuit that an individual's knowing and voluntary waiver of his right to appeal a sentence imposed within an agreed-upon Guideline range is enforceable. See, e.g., United States v. Hernandez, 242 F.3d 110, 113 (2d Cir.2001) (per curiam); United States v. Djelevic, 161 F.3d 104, 106 (2d Cir.1998) (per curiam).

But the Second Circuit has carved out an exception to the enforceability of the appeal waiver, holding that the waiver does not apply when a petitioner claims that he received ineffective assistance from his counsel in entering into the plea agreement. See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-96 (2d Cir. 2002);

4

Hernandez, 242 F.3d at 113-14; Djelevic, 161 F.3d at 107.

In the present case, Petitioner does not argue that his guilty plea was unknowingly or involuntarily entered, nor does he assert that he received ineffective assistance of counsel.  In fact, the transcript of the plea allocution demonstrates that Petitioner knowingly and voluntarily entered his plea, and that he was satisfied with his lawyer:

| | |
|---|---|
| The Court: | Any difficulty understanding me? |
| The Defendant: | No. |
| The Court: | How about your lawyer? |
| The Defendant: | No. |
| The Court: | Satisfied with your lawyer? |
| The Defendant: | Yes. |
| The Court: | Listen to his legal advice? |
| The Defendant: |  Yes |
| The Court: | Taken that into consideration in making your decision to plead guilty here today? |
| The Defendant: | Yes. |
| The Court: | All right.  Mr. Brennan, any reservations about your client's understanding of the terms, conditions, or possible consequences that he faces in connection with this proceeding? |
| Mr. Brennan: | None whatsoever. |
| The Court: | Any reservations about his competency to proceed forward? |
| Mr. Brennan: | None whatsoever. |

(Docket No. 47, pp. 7-8.)

| | |
|---|---|
| The Court: | Anybody force or threaten you to sign it [the plea agreement]? |
| The Defendant: | No. |
| The Court: | Anyone force or threaten you to enter a plea of guilty in this case? |
| The Defendant: | No. |
| The Court: | Okay. You've already signed it [the plea agreement] on the advice of your attorney, right? |
| The Defendant: | Yes. |
| . . . | |
| The Court: | . . . You understand the terms, conditions, and possible consequences that you face in connection with this proceeding, correct? |
| The Defendant: | Yes. |
| The Court: | That you're doing what you're doing now, signing the agreement, entering a guilty plea voluntarily, nobody forced or threatened you to do that, right? |
| The Defendant: | No. |

(Docket No. 47, pp. 18-19.)

In the plea agreement, Petitioner forfeited his right to appeal or collaterally attack any sentence that fell within the agreed-upon range. As previously discussed, Petitioner's 70-month sentence falls within the 57-71-month range contemplated in his plea agreement. As such, this Court finds that the waiver provisions in Petitioner's plea agreement must be given effect to bar consideration of Petitioner's claims. This is an independent basis to deny Petitioner's present motion.

6

### 2.      Petitioner's Claims

Even if the plea agreement could be construed to not bar this collateral attack and this Court were to consider Petitioner's claims, it finds that they are meritless.

Although difficult to parse, Petitioner's first argument appears to be that this Court misapplied the Sentencing Guidelines, which resulted in a denial of his Fifth and Eighth Amendment rights because he was subjected to "'multiplicity of counts' as well as an 'over-laps' beyond the statutory guidelines range." (Docket No. 43.) There was, however, only one count in the Information, not multiple counts. (Docket No. 29.) Moreover, Petitioner's sentence of 70 months is far less than the statutory maximum penalty of 20 years. This Court determined the correct Guidelines range, considered the relevant factors under 18 U.S.C. § 3553, and sentenced Petitioner to a term of imprisonment that fell within the agreed-upon range set forth in the plea agreement. Consequently, Petitioner's argument that this Court misapplied the Guidelines in violation of his constitutional rights is without merit.

Petitioner next argues that this Court violated its duty to not be "swayed" by the Sentencing Guidelines, which he characterizes as a "bad provision of law[ ] enacted by Congress." (Docket No. 43.) He also argues that his lawyer violated his duty not to "engage in misconduct with the Government to incarcerate him." (Docket No. 43.) This Court interprets these arguments as claims that this Court improperly considered the Guidelines and that Petitioner's attorney acted improperly.

This Court is required to consider the Guidelines in reaching a fair, reasonable, and just sentence. See 18 U.S.C. § 3553; United States v. Ratoballi, 452 F.3d 127, 131-32 (2d

Cir. 2006) (requiring sentencing courts to identify the proper Guidelines range, consider the Guidelines as advisory, and consider the Guidelines together with the factors outlined in 18 U.S.C. § 3553(a) to reach an appropriate sentence). That is what this Court did in this case. This Court has not been improperly swayed, nor has it applied bad law as Petitioner suggests. Moreover, as set forth above, Petitioner expressed his satisfaction with his lawyer's performance and advice, and there is no evidence in the record that Petitioner's lawyer acted improperly or in collusion with the Government. This ground for relief is therefore wholly unpersuasive.

In his third and fourth grounds, Petitioner argues that "the jury panel was prohibit[ed] from deciding a guilty verdict on the petitioner's 'mental intent,'" and that "the petitioner was tried and convicted by an unconstitutional jury panel in violation of the law." (Docket No. 43.) These arguments are wholly without merit. Petitioner entered a guilty plea to a single-count Information; there was no jury trial in this case. Accordingly, Petitioner's third and fourth arguments are inapplicable here.[1]

## C.    Petitioner's Motion for Bond

After briefing was completed on Petitioner's § 2255 motion, he filed a Motion for Bond requesting that he be released from "unlawful" custody. (Docket No. 46.) He argues that his release is necessary because (1) there is a "great possibility" that his sentence and conviction will be vacated, and (2) this Court was without jurisdiction to sentence him. As discussed above, there is no basis in law or fact to vacate, set aside, or correct Petitioner's

---

[1]The inclusion of these inapplicable arguments may be attributable to the fact that Petitioner does not appear to have prepared his own motion, which is signed by Milton "Joseph" Taylor, Jailhouse Counsel Bar No. 777-13-33, who is presumably a fellow inmate. (Docket No. 43.)

sentence or conviction.  Moreover, this Court's jurisdiction to sentence a defendant who pleads guilty to a federal crime cannot meaningfully be contested.  Accordingly, Petitioner's Motion for Bond is denied.

**D.   Certificate of Appealability**

For a certificate of appealability to issue, the petitioner must make a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . .  the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted).  Petitioner has made no such substantial showing of the denial of a constitutional right in this case.  A certificate of appealability will therefore not be issued.

## IV.  CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence and Conviction is denied.  If Petitioner wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person, if any, must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct

his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 43) is DENIED.

FURTHER, that Petitioner's Motion for Bond (Docket No. 46) is DENIED.

FURTHER, that a Certificate of Appealability pursuant to 28 U.S.C. § 2253 is DENIED.

FURTHER, that it is hereby certified, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

FURTHER, that the Clerk of the Court is directed to close both 06-CR-197S and 07-CV-263S.

SO ORDERED.

Dated:  November 15, 2007
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge